# EXHIBIT A

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/20/2026
CT Log Number 552824733

## Service of Process Transmittal Summary

**TO:**      Mhisty Shenk
Progressive Casualty Insurance Company
111 CONGRESSIONAL BLVD
CARMEL, IN 46032-5643

**RE:**      **Process Served in Michigan**

**FOR:**     Protective Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeremy K. Wood vs. Steven G. Savage |
| **DOCUMENT(S) SERVED:** | LETTER(S), SUMMONS, PROOF OF SERVICE, ATTACHMENT(S), COMPLAINT, JURY DEMAND |
| **COURT/AGENCY:** | Calhoun Count Circuit Court, MI<br>Case # 261616NI |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/20/2026 postmarked on 07/14/2026 |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | 21 days after receiving this summons(Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Paul E. Shibley<br>SHIBLEY LAW<br>380 W. WESTERN AVENUE, SUITE 120<br>PO BOX 1026<br>MUSKEGON, MI 49443<br>231-725-8444 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/21/2026, Expected Purge Date: 07/26/2026 |
| | Image SOP |
| | Email Notification,  Mhisty Shenk  mhisty_d_shenk@progressive.com |
| | Email Notification,  Karen Jennings  karen_jennings@progressive.com |
| | Email Notification,  Sally Wignall  sally_wignall@progressive.com |
| | Email Notification,  Connie Maravilla  connie_maravilla@progressive.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>40600 Ann Arbor Road E, Suite 201<br>Plymouth, MI 48170<br>8775647529<br>MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
07/20/2026
CT Log Number 552824733

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Case 1:26-cv-02312-RJJ-PJG ECF No. 1-2, PageID.9 Filed 08/11/26 Page 4 of 19

9589 0710 5270 1815 9467 33

FIRST·CLASS US POSTAGE

# SHIBLEY LAW
## INJURY ATTORNEYS

380 W. WESTERN AVENUE · SUITE 120
P.O. BOX 1026
MUSKEGON, MICHIGAN 49443

**TO:**

Protective Insurance Company
The Corporation Company, RA
40600 Ann Arbor Road E, Suite 201
Plymouth, Michigan 48170

# SHIBLEY LAW
### INJURY ATTORNEYS

PAUL E. SHIBLEY
LORYN E. SCHLINKER
DAVID M. GIVSKUD

MAILING ADDRESS:
P.O. BOX 1026
MUSKEGON, MICHIGAN 49443

PHONE (231) 725-8444
FACSIMILE (231) 728-5545

July 14, 2026

Protective Insurance Company
The Corporation Company, RA
40600 Ann Arbor Road E, Suite 201
Plymouth, Michigan 48170

RE:   ***Jeremy K. Wood v. Steven G. Savage, Interland, Inc. and Protective Insurance Company***
      ***Case No.:  26-1616-NI***

Dear Sir/Madam:

Enclosed please find a Summons and a Complaint with Jury Demand regarding the above-referenced matter.  Please forward this paperwork to legal counsel as soon as possible.

Thank you for your prompt attention to this matter.

Yours very truly,

SHIBLEY LAW

*Paul E. Shibley*
Paul E. Shibley

PES/akd

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | SUMMONS | CASE NO.<br>26- \\U\U    -NI |
|---|---|---|---|
| 37th    JUDICIAL DISTRICT<br>        JUDICIAL CIRCUIT<br>Calhoun      COUNTY | | | |

**Court address**  
161 E. Michigan Avenue, Battle Creek, Michigan 49014

**JOHN HALLACY**

**Court telephone no.**  
(269) 969-6530

| Plaintiff's name, address, and telephone no.<br>Jeremy K. Wood | v | Defendant's name, address, and telephone no.<br>Protective Insurance Company<br>The Corporation Company, RA<br>40600 Ann Arbor Road E., Suite 201<br>Plymouth, Michigan 48170<br>(734) 983-9042 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Paul E. Shibley (P51491)<br>Shibley Law<br>380 W. Western Avenue, Suite 120<br>Muskegon, Michigan 49440<br>(616) 333-3333 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/02/26 | Expiration date*<br>10/01/26 | Court clerk<br>*Kimberly A. Olnisky* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23) **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons  (3/23)                                                    Case No. 26- _I(l/6_____

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                                    Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

*OFFICE OF COURT ADMINISTRATOR / FRIEND OF THE COURT*
## *Thirty-Seventh Judicial Circuit of Michigan*
### *Calhoun County Probate Court*

**Kristen L. Getting**
Circuit/Probate Court Administrator/FOC

**Honorable Sarah S. Lincoln**
Chief Judge 37ᵗʰ Circuit Court

**Honorable Michael L. Jaconette**
Chief Judge Probate Court

**Phillip C. Amsterburg**
Deputy Circuit Court Administrator

**Helen K. Miles**
Director of Friend of the Court Operations

**LeeAnn Hollister**
Probate Manager/Register

**CIVIL MEDIATION**
03/18/2026

The 37ᵗʰ Judicial Circuit Court of Calhoun County is pleased to announce that mediation is now available. The judge assigned to your case believes that mediation is a valuable tool in resolving disputes, and you are invited to submit your case to mediation.

Mediation is a settlement process in which a trained mediator (an impartial person) helps people in conflict make practical, informed decisions to resolve issues before them. The mediator helps people examine their situation in terms of their interests and needs by asking questions, helping define issues and promoting open communication designed to assist in generating alternative proposals and solutions.

Our court has a list of approved individuals who serve as trained mediators. To be eligible to serve as a mediator, these individuals must meet certain education requirements and complete an approved training program that includes an internship of observing and being observed as a trained mediator. In addition, mediators must complete eight hours of advanced mediation training every two years to maintain eligibility.

Each approved mediator has been invited to provide the court with a brief biography which includes areas of practice and a fee schedule. A notebook containing submitted biographies is available in the ADR Clerk's office if you wish to review this information before selecting a mediator.

The court encourages you to consider the use of mediation as a means of resolving your dispute. Please review the attached information and be prepared to discuss the use of mediation with the judge assigned to your case at the first court scheduled hearing.

Thank you.

**NOTE: The plaintiff must serve the defendant with a copy of this information at the time the summons and complaint are served.**

Calhoun County Justice Center
161 E. Michigan Ave.
Battle Creek, MI 49014-4066
The Court is an affirmative-action, equal-opportunity employer.

## 37th Judicial Circuit Court - Calhoun County
## CIVIL MEDIATORS
**March 9, 2026**

All mediators on this list have completed the necessary educational and training requirements under Michigan Court Rule 2.411 and have been approved by the court to be appointed to conduct mediation sessions.

Please make all arrangements, including term and conditions, through the mediator you choose off this list.

| Name | Address | Phone | E-Mail | Rate |
|---|---|---|---|---|
| Kristin D. Arnett<br>P64942 | 6005 W. St. Joseph Hwy, Ste 302<br>Lansing, MI 48917 | 517-816-4999<br>517-816-4998 | kris@arnettlawandmediation.com | $250/hour |
| Kathryn L. Bolinger<br>P74558 | 125 E. Newark St.<br>Ithaca, MI 48847 | 989-875-0163<br>989-875-0137 | kathryn@bolingerlaw.com | $75/party |
| Jose T. Brown<br>P33926 | 503 S. Saginaw Street<br>Flint, MI 48502 | 810-232-3141<br>810-232-1079 | jbrown@ccglawyers.com | $300/hour |
| Stacey B. Brown | 7097 Chianti Cir.<br>Mattawan, MI 49071 | 269-744-0954 | staceybrown@lakesidemediationservices.com | $200/hour |
| Rebecca J. S. Cassell<br>P64456 | 915 N. Michigan Ave., Ste 200<br>Howell, MI 48843 | 517-540-1700<br>517-540-1701 | rcassell@myers2law.com | $400/hour |
| Michael J. Caywood<br>P59905 | 112 S. Monroe St / POB 7099<br>Sturgis, MI 49091 | 269-651-3281<br>269-651-3261 | mike@haascaywood.com | $350/hour |
| Nancy K. Chinonis<br>P71350 | 503 S. Saginaw Street<br>Flint, MI 48502 | (810) 232-3141<br>(810) 232-1079 | nchinonis@ccglawyers.com | $300/hour |
| Matthew J. Coffey<br>P43381 | 143 S. 1st St., PO Box 293<br>Freeland, MI 48623 | 989-791-7060 | mjc@fordney.com | $150/hour |
| Byron P. Gallagher, Jr.<br>P42996 | 2001 Abbott Rd<br>East Lansing, MI 48823 | 517-853-1515<br>517-853-1501 | bpg@thegallagherlawfirm.com | $300/hour |
| M. Timothy Gergely<br>P51303 | P.O. Box 117<br>Vicksburg, MI 49097 | 269-679-4263<br>269-679-5373 | tim@gergelylaw.com | 250/hour |
| Joshua S. Goodrich<br>P83197 | 5208 W. Saginaw Hwy, #84412<br>Lansing MI 48917 | 269-312-7435<br>646-356-7044 | jsgoodrich@lighthouse-litigation.com | $250/hour |
| Brian G. Harbert | 775 Hammersmith Cir.<br>Holland, OH 43528 | 313-355-3740 | equitableendeavorsmediation@gmail.com | $200/hour |
| Dale Ann Iverson<br>P35674 | JustMediation PLC<br>PO Box 150156, GR MI 49515 | 616-560-2243 | daleiverson@justmediation.com | $250/hour |
| Jeannine Julien | 7213 Pounds Court<br>Howell, MI 48855 | 313-801-0323 | j9julien@gmail.com | $175/hour |
| Robb S. Krueger<br>P66115 | PO Box 4010<br>Kalamazoo, MI 49003-4010 | 269-324-3000<br>269-324-3010 | rkrueger@kreisenderle.com | $300/hour |

| | | | | |
|---|---|---|---|---|
| Paula K. Manis<br>P29995 | 124 W. Allegan St., Ste 700<br>Lansing, MI 48933 | 517-485-0400<br>517-371-1211 | pkmanis@loomislaw.com | $450-475/hour |
| Michael T. McArthur | 10501 Clinton Rd.<br>Jackson, MI 49201 | 517-599-1195 | mcarthur_thomas@yahoo.com | $200/hour |
| Karen A. Mouradjian | 23807 Brittany<br>Eastpointe, MI 48021 | 947-221-0368 | krmjd1mediation@gmail.com | $175/hour |
| William K. Murphy<br>P31179 | 119 N. Church St., Ste 202<br>Kalamazoo, MI 49007 | 269-342-9900<br>269-342-0280 | williamkmurphy@sbcglobal.net | $250/hour |
| Mark R. Mueller<br>P55519 | 1155 Brewery Park Blvd., Ste 200<br>Detroit, MI 48207 | 231-941-1611<br>313-259-0450 | mmueller@garanlucow.com | $225/hour |
| Edward P. Perdue<br>P55888 | PO Box 2390<br>Grand Rapids, MI 49501 | 616-888-2960<br>616-469-1351 | eperdue@perduelawgroup.com | $325/hour |
| Thomas C. Richardson<br>P31750 | 136 E. Michigan Ave.,Ste.800<br>Kalamazoo, MI 49007 | 269-388-7600<br>269-553-1439 | trichardson@lewisreedallen.com | $275/hour |
| Phillip A. Schaedler<br>P35047 | 108 E. Chicago Blvd. #202<br>Tecumseh, MI 49286 | 517-420-6155 | adratty@comcast.net | $200/hour |
| Lee T. Silver<br>P36905 | 300 Ottawa Ave NW, Ste 620<br>Grand Rapids, MI 49503 | 616-988-5600<br>616-988-5606 | ltsilver@silvervanessen.com | $350/hour |
| Jason Q. Wilson<br>P59284 | 6689 Orchard Lake Rd., Ste 294<br>West Bloomfield, MI 48322 | 248-797-4600 | jwilson@wlgfights.com | $400/hour |
| Mechelle A. Woznicki<br>P81638 | 1918 W. Milham Ave.<br>Portage, MI 49024 | 269-692-5244<br>844-996-9529 | mechelle@woznickilaw.com | $250/hour |
| B. Jay Yelton III<br>P43691 | 180 E. Water St., Ste 7000<br>Kalamazoo, MI 49007 | 269-276-8130<br>269-276-8300 | jyelton@wnj.com | $310/hour |

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF CALHOUN

JEREMY K. WOOD,

    Plaintiff,

v

STEVEN G. SAVAGE, INTERLAND INC., and
PROTECTIVE INSURANCE COMPANY

    Defendants.

File No.: 26- |ʋ|ʋ      -NI

Hon.  **JOHN HALLACY**

---

Paul E. Shibley (P51491)
Shibley Law
Attorneys for Plaintiff
380 W. Western, Suite 120
PO Box 1026
Muskegon, MI  49443-1026
(231) 725-8444
Paul@Shibley-Law.com
Kim@Shibley-Law.com

---

There is no other civil action arising out of
the same transaction or occurrence as alleged in
this complaint which has been previously assigned
and dismissed after having been assigned to a judge.

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Jeremy K. Wood, by and through his attorneys, Shibley Law, and

for his cause of action, state as follows:

1.    That Plaintiff, Jeremy K. Wood, is a resident of Plainwell, County of Allegan, State

of Michigan.

2.    That upon information and belief, Defendant, Steven G. Savage, is a resident of

Maumelle, Arkansas, County of Pulaski, State of Michigan.

3.      That upon information and belief, Defendant, Interland Inc., is an Illinois corporation doing business in the County of Calhoun, State of Michigan.

4.      That upon information and belief, Defendant, Protective Insurance Company, is and Indian insurance company doing business in Calhoun County, State of Michigan.

5.      That the subject cause of action arises from a multi-motor vehicle accident which occurred on or about October 27, 2025, on Michigan Avenue E 50 feet east of its intersection with 11 Mile Road in Calhoun County, State of Michigan.

6.      That this Court has proper jurisdiction over all parties hereto, and the amount in controversy exceeds the sum of $25,000.00, exclusive of attorney fees, costs and interest.

## COUNT I – NEGLIGENCE AS TO DEFENDANT STEVEN G. SAGE

7.      That Plaintiff restates and realleges the prior allegations as if fully contained herein.

8.      That on or about October 27, 2025, Plaintiff, Jeremy K. Wood, was operating a 2015 Ford Focus being driven in a lawful and prudent manner free from negligence in a westbound direction on Michigan Avenue E, when he was slowing down.

9.      That at the same time, Defendant, Steven G. Savage, was operating 2022 white commercial truck in a westbound direction on Michigan Avenue E when he suddenly, and without warning, rearended the vehicle operated by Plaintiff.

10.     At that time, Defendant, Steven G. Savage, failed to keep the vehicle entrusted to him under control, thereby striking the vehicle operated by Plaintiff causing a violent accident.

11.     That Defendant, Steven G. Savage, owed to the Plaintiff and to others the duty to operate the motor vehicle entrusted to him in a manner free from negligence, in a manner free from gross negligence and in a manner in accordance with the common law of the State of Michigan, the laws or ordinances of the County of Calhoun, and the laws of the State of Michigan.

2

12.    That as he was operating the motor vehicle, Defendant, Steven G. Savage, breached the aforesaid duties by operating the vehicle entrusted to him in a negligent manner, a grossly negligent manner and in a manner in violation of the ordinances of the County of Calhoun and the laws of the State of Michigan, including but not limited to the following:

a.    By failing to exercise reasonable care in the operation of the motor vehicle under his control;

b.    By failing to operate the vehicle under his control at a speed reasonable and prudent for existing conditions and at a speed which would allow him to retain proper control of the motor vehicle which he was operating;

c.    By failing to have the proper training, experience, and by failing to be in the proper physical or mental condition to operate a motor vehicle including but not limited to being under the influence of alcohol, legal or illegal drugs, or by failing to wear or utilize assistive devices required to operate a motor vehicle;

d.    By failing to make proper observations and by failing to properly respond to traffic conditions as they existed on or about October 27, 2025;

e.    By failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, contrary to MCL 257.627(1);

f.    By failing to keep the motor vehicle constantly under control;

g.    By operating the motor vehicle with gross negligence in a reckless, wanton disregard for the safety of persons or property, contrary to MCL 257.626;

h.    By operating the motor vehicle in a careless or negligent manner likely to endanger person or property, contrary to MCL 257.626(b);

3

      i.      By failing to stop in an assured clear distance;

      j.      Through failing to properly maintain or failing to make certain that the vehicle he was driving was fit for existing roadway conditions;

      k.      By failing to yield to Plaintiff's right of way contrary to MCL 257.649(1);

      l.      By operating a motor vehicle when Defendant, Steven G. Savage's vision was impaired by his health, by his failure to use proper corrective eyewear, through age, disability, infirmity and inability to properly operate a motor vehicle due to being under the influence of prescriptive or non-prescriptive medication and/or under the influence of alcohol;

      m.      Through failing to allow himself adequate travel time;

      n.      Through fleeing the scene of a personal injury accident;

      o.      Through other acts of negligence not yet known but to be learned during the course of discovery.

13.      That Defendant, Steven G. Savage's acts of negligence and breach of the aforesaid duties proximately caused Plaintiff, Jeremy K. Wood, to suffer injuries and damages which constitute a serious impairment of body function pursuant to MCL 500.3135(1) and MCL 500.3135(7) as well as permanent serious disfigurement and that Plaintiff's injuries and damages have forced her to incur wage loss, future wage loss, costs for medical and rehabilitative care. That the injuries suffered by Plaintiff are serious and will force Plaintiff to suffer or may permanently suffer mental anguish, pain and suffering, injuries and limitations including serious impairment of bodily function or permanent or serious disfigurement and aggravation of any pre-existing conditions. That Plaintiff's injuries include the following:

      a.      Injuries to Plaintiff's neck and cervical spine, with headacnes, as well as aggravation of any preexisting degenerative conditions and/or exacerbation of any

preexisting degenerative conditions in Plaintiff's neck and cervical spine, which required Plaintiff to undergo prolonged rehabilitation, ongoing pain, restrictions and impairment;

b.    Injuries to Plaintiff's thoracic spine, including at the base of the shoulders,  as well as aggravation of any preexisting degenerative conditions and/or exacerbation of any preexisting degenerative conditions in Plaintiff's thoracic spine, which required Plaintiff to undergo prolonged rehabilitation, ongoing pain, restrictions and impairment;

c.    Injuries to Plaintiff's arms, legs, neck, lumbar, thoracic and cervical spine, nervous system, muscular system and musculoskeletal system as well as other related and appreciable difficulties, injuries, or consequences that may have occurred, developed or aggravated any pre-existing problem that may have existed;

d.    Pain, suffering and mental and psychological anguish;

e.    Excess replacement care;

f.    Wage loss or actual future loss or earnings to the extent that such losses are recoverable in excess of the No Fault statutory monthly and yearly maximums that are found to apply;

g.    That the significant and profound structural changes to Plaintiff's neck, cervical and thoracic spine have significantly impaired his ability to lift, bend, twist, squat, reach, push, pull, run, stand, walk and engage in vocational and recreational activities which he avidly enjoyed before the subject accident;

h.    Other damages, injuries and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that such damages are recoverable under the Michigan No-Fault Act.

5

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter a Judgment against Defendants, Steven G. Savage, and award damages against Defendants in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

## COUNT II - OWNERSHIP LIABILITY AS TO DEFENDANT INTERLAND, INC.

14. That Plaintiffs restate and reallege the prior allegations as if fully contained herein.

15. That upon information and belief, at the time of the subject accident, Defendant, Steven G. Savage, was operating a 2022 white commercial truck which, upon information and belief, bore Illinois vehicle registration P1139254 and VIN number 3AKJHHDR8NSNH4235 which vehicle, upon information and belief was owned by Defendant, Interland Inc.

16. That because at the time of the subject accident, Defendant, Steven G. Savage, was operating the aforesaid 2022 white commercial truck with the express and/or implied permission of his company, Defendant, Interland Inc., was the owner in fact or by title of the subject vehicle, Defendant's company, Interland Inc., is responsible, jointly and severally, for the Plaintiff's injuries and damages as previously pled pursuant to MCL 257.401.

17. That Defendant, Interland Inc., is also responsible for the injuries and damages sustained by the Plaintiffs because Defendant, Interland Inc., entrusted the subject 2022 white commercial truck, which it owned, to Defendant, Steven G. Savage, when Defendant Interland Inc., either knew or should have known that Steven G. Savage was not capable of safely, properly and reasonably operating said vehicle and that Defendant, Interland Inc., is responsible through its negligent entrustment of the subject vehicle for the injuries and damages sustained by the Plaintiff as previously pled.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendants and award damages against Defendants in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

### COUNT III - RESPONDEAT SUPERIOR AS TO DEFENDANT INTERLAND, INC.

18. That Plaintiffs restate and reallege the prior allegations as if fully contained herein.

19. That upon information and belief, Defendant, Interland Inc. is a business/corporation which regularly conducts business in the County of Calhoun, State of Michigan.

20. That on or about October 27, 2025, Defendant, Steven G. Savage, was acting in the course and scope of his employment with Defendant Interland Inc., when Defendant, Steven G. Savage, committed the acts of negligence previously alleged, which proximately resulted in the injuries and damages sustained by the Plaintiff as previously pled herein.

21. That as Plaintiff's injuries and damages were proximately caused by the negligence of Defendant, Steven G. Savage, while Defendant, Steven G. Savage, was in the course and scope of his employment with Defendant Interland Inc., Defendant, J Interland Inc., is liable and responsible for Defendant, Steven G. Savage's acts of negligence and proximately caused injures and damages to Plaintiff pursuant to the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendants and award damages against Defendants in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

### COUNT IV – MINI-TORT AS TO DEFENDANT PROTECTIVE INSURANCE COMPANY

22. That Plaintiffs restate and reallege the prior allegations as if fully contained herein.

7

23.     That Plaintiff in addition to the physical and mental injuries noted above, sustained damages in the form of physical damage to the 2015 Ford Focus vehicle he was operating at the time of the subject collision.

24.     That said physical damage to said vehicle was caused by the negligent actions of Defendant, Steven G. Sage, in causing the collision between the vehicle he was operating and Plaintiff's vehicle.

25.     That Plaintiff is entitled to damages of up to $3,000.00 for repairs to his motor vehicle that were not covered by her insurance, as stated in MCL 500.3135(3)(E), more commonly referred to as a Mini-Tort Claim.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendants and award damages against Defendants in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

SHIBLEY LAW

Dated: 6/25/2026

Paul E. Shibley (P51491)
Attorney for Plaintiff

| STATE OF MICHIGAN | | CASE NO. | |
|---|---|---|---|
| **JUDICIAL DISTRICT** | **JURY DEMAND** | | |

37th
Calhoun

**JUDICIAL CIRCUIT**
**COUNTY**

26- |U|U         -NI

**Court address**                                                                                      **Court telephone no.**

161 E. Michigan Avenue, Battle Creek, Michigan 49014                        (269) 969-6530

| Plaintiff(s) name(s) | v | Defendant(s) name(s) |
|---|---|---|
| Jeremy K. Wood | | Steven G. Savage, et al |

| Plaintiff's address and telephone no. or attorney name, bar no., address, and telephone no. | Defendant's address and telephone no. or attorney name, bar no., address, and telephone no. |
|---|---|
| Paul E. Shibley (P51491)<br>Shibley Law<br>380 W. Western Avenue, Suite 120<br>Muskegon, Michigan 49440   (231) 725-8444 | |

☐ Probate      In the matter of _____

☐ Juvenile     In the matter of _____

1. I demand a jury trial.

6/25/2026
Date

Signature

Approved, SCAO
Form MC 22, Rev. 4/19
MCL 600.857(3), MCL 600.2529(1)(c),
MCR 2.508, MCR 2.509, MCR 3.911

Form Distribution:
Original - Court
1st copy - Plaintiff/Petitioner
2nd copy - Defendant/Respondent